**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KELVIN GOODS, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | No. 10-cv-688 |
| v. | ) ) | Judge Norgle |
| PIT BOSS RIB HOUSE, INC., and DOES 1-10, | ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT</u>

Defendant, Pit Boss Rib House, Inc. ("Pit Boss"), by and through its attorneys, Peter A. Silverman and Michael T. Graham of Figliulo & Silverman, P.C., and for its Memorandum in Support of its Motion To Dismiss Plaintiff Kelvin Goods' ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

### I. <u>Introduction</u>

Plaintiff's Complaint alleges that Pit Boss violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") by providing him with a printed sales receipt displaying a credit card expiration date. The Complaint does not allege that Pit Boss's alleged violation of FACTA was negligent, and does not allege that Plaintiff suffered actual damages. Rather, Plaintiff seeks statutory damages for Pit Boss' alleged willful noncompliance with FACTA.

The Complaint, however, fails to state a cause of action upon which relief can be granted because Plaintiff has failed to allege facts specific to Pit Boss that would plausibly suggest Pit Boss willfully violated FACTA. The few specific facts alleged in the Complaint pertaining to Pit

Boss are extremely limited. The Complaint largely consists of conclusory factual allegations, recitations of FACTA, and general allegations pertaining to the business community at large. These allegations are insufficient to draw a reasonable inference that Pit Boss willfully violated FACTA, and therefore the Complaint should be dismissed.

## II. Factual Allegations

The following factual allegations as stated in the Complaint are specific to Plaintiff and Pit Boss, and are assumed to be true for the purposes of this motion. Plaintiff is a resident of Indiana. (Cmplt., ¶ 15). Pit Boss is a corporation operating a restaurant in Hickory Hills, Illinois. (*Id*., ¶ 16). Pit Boss accepts credit and debit cards in the course of its business (*id*., ¶ 31), including Visa cards. (*Id*., ¶ 41). Plaintiff also alleges that Pit Boss "is a party to a contract requiring compliance with the [truncation] requirement[s,]" although this is a legal conclusion, and not a proper factual allegation. (*Id*.). Pit Boss provided Plaintiff with a computer-generated cash register receipt displaying the credit card expiration date at its restaurant. (*Id*., ¶ 19 and Ex. A). The credit card number on the receipt appears to have been properly truncated. (*Id*., Ex. A).

The Complaint also contains a number of general factual allegations that are not specific to the parties, but that are also assumed to be true for the purposes of the motion. For example, Plaintiff alleges that Visa, MasterCard, and the PCI Security Standards Council informed merchants about FACTA (*id*., ¶¶ 35, 40), and that FACTA's requirements were widely publicized among retailers. (*Id*., ¶¶ 36, 43). Further, "[m]any restaurant and retail trade associations apprised their merchant members that FACTA imposed truncation requirements mirroring Visa's truncation requirements[,]" (*id*., ¶ 49), and "[m]ost of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with

2

the truncation requirement." (*Id.*, ¶ 57).

### III. Argument

#### A. A Complaint Must Allege Sufficient Facts to State A Claim To Relief That Is Plausible On Its Face.

In order to survive a motion to dismiss under the federal notice pleading standards contained in Rule 8(a), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009)(citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). In order to meet this requirement, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ---, ---, 129 S.Ct. at 1949. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The Seventh Circuit Court of Appeals has understood *Iqbal* "to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more. These are the plaintiffs who have not provided the 'showing' required by Rule 8." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Accordingly, "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

The Complaint does not meet this standard, because Plaintiff does not allege the requisite specific facts pertaining to Pit Boss to ground its legal conclusion that Pit Boss willfully violated FACTA. Plaintiff has failed to state a cause of action for a willful violation of FACTA that is facially plausible, and the Complaint should therefore be dismissed.

3

**B.     The Complaint Fails To Sufficiently Plead A Willful Violation of FACTA.**

Plaintiff's sole claim against Pit Boss is that Pit Boss willfully violated FACTA by providing Plaintiff with a single receipt containing a credit card expiration date. The Complaint lacks sufficient facts specific to Pit Boss to state a plausible claim that Pit Boss' action constitutes a willful violation of FACTA.

**1.     Willful Violations Under FACTA**

FACTA contains certain truncation requirements pertaining to information printed on credit card transaction receipts. Specifically, FACTA provides:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. §1681c(g)(1). When Congress enacted FACTA in 2003, it provided that credit card processing machines in use before January 1, 2005, must be compliant with its terms no later than December 4, 2006. 15 U.S.C. § 1681c(g)(3)(A).

The damages imposed under the FCRA for violations of FACTA are onerous. A plaintiff may seek actual damages for a defendant's negligent violation of FACTA. 15 U.S.C. § 1681o. The FCRA also provides statutory damages for "willful" violations of FACTA. 15 U.S.C. § 1681n. Damages for willful violations of FACTA may consist of actual damages or damages of not less than $100.00 and not more than $1,000.00, as well as costs, attorney's fees, and punitive damages. *Id*. Here, Plaintiff does not allege that Pit Boss negligently violated FACTA, does not allege actual damages, and does not allege that Pit Boss failed to truncate Plaintiff's full credit card account number on the receipt. Rather, Plaintiff seeks statutory damages under § 1681n because Pit Boss allegedly printed the credit card expiration date on Plaintiff's receipt, which Plaintiff alleges was a willful violation of FACTA. (Cmplt., ¶¶ 10, 58). Thus, in order to state a

4

plausible claim upon which relief can be granted, Plaintiff must adequately plead that the inclusion of the credit card expiration date on Plaintiff's receipt was a willful violation of FACTA.

Subsequent to FACTA's enactment in 2003, Congress passed the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act"). Pub.L. No. 110-241, 122 Stat. 1565 (2008)(codified at 15 U.S.C. § 1681n(d)). Congress passed the Clarification Act "to ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased costs to businesses and potentially increased costs to consumers." Pub.L. No. 110-241, § 2(b). Specifically, Congress found that "[a]lmost immediately after the deadline for compliance passed, hundreds of lawsuits were filed alleging that the failure to remove the expiration date was a willful violation of the [FCRA] even where the account number was properly truncated." *Id*. § 2(a)(4). These lawsuits represented "a significant burden on the hundreds of companies that have been sued and could well raise prices to consumers without corresponding consumer protection benefit." *Id*., § 2(a)(7). Congress determined that such lawsuits do not provide a consumer protection benefit, in part because "[e]xperts in the field agree that proper truncation of the card number, by itself as required by the amendment made by [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud." *Id*. § 2(a)(6). Thus, the Clarification Act exempted merchants who printed a credit card expiration date on a receipt, but otherwise complied with FACTA, from liability for willful noncompliance with § 1681c(g) of FACTA until June 3, 2008. 15 U.S.C. § 1681n(d).

### 2. **Plaintiff Must Sufficiently Allege Knowing or Reckless Conduct**

The United States Supreme Court has determined that under the FCRA, "willfulness" includes both knowing and reckless conduct. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 127 S.Ct. 2201, 2208 (2007). For the purposes of the FCRA, the Supreme Court adopted the common law definition of recklessness "as conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id*. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970 (1994)). Applying this definition to the FCRA, the Supreme Court held that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69. This standard for recklessness means "something more than negligence but less than knowledge of the law's requirements." *Murray v. New Cingular Wireless Serv., Inc.*, 523 F.3d 719, 726 (7th Cir. 2008).

Accordingly, in order to state a plausible cause of action for a willful violation of FACTA, Plaintiff must either sufficiently allege that Pit Boss' conduct was a knowing violation of FACTA, or that Pit Boss' actions objectively posed an unjustifiably high risk of harm so obvious that it should be known. *See Safeco*, 551 U.S. at 68. Plaintiff does not meet these requirements.

*a. Plaintiff Does Not Sufficiently Allege Pit Boss' Knowledge*

The Complaint does not contain sufficient allegations that Pit Boss knowingly violated FACTA to state a plausible claim for a willful violation of FACTA. Plaintiff offers the bare-boned allegation that Pit Boss "knew or should have known of the truncation requirement."

(Cmplt., ¶ 34). This type of naked allegation is simply a recitation of an element of Plaintiff's claim, and is insufficient to support a cause of action. *Iqbal*, 129 S.Ct. at 1949. Without facts specific to the defendant, such as actual notice of FACTA's requirements, this allegation does not properly allege a knowing violation of FACTA. *See Miller-Huggins v. SpaClinic LLC*, No. 09 C 2677, 2010 WL 963924 at *2 (N.D. Ill. March 11, 2010). Plaintiff also alleges that the "August 12, 2006 edition of 'Rules for Visa Merchants'" contained FACTA's requirements and was "distributed to and binding upon all merchants that accept Visa cards" (Cmplt., ¶ 39), and that Pit Boss "accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement." (*Id*., ¶ 41).

The allegations that Pit Boss is "a party to a contract requiring compliance", as well as the implication that the "Rules for Visa Merchants" from 2006 are "binding" upon it consist of purely legal conclusions and are not facts specific to Pit Boss. *See Brooks v. Ross*, 578 F.3d at 581. These allegations are insufficient to establish reckless conduct, much less knowing conduct. *See Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1362 (S.D. Fla. 2009)("That the Defendant acted more than 'negligently but less than knowledge of the law's requirements' is not established by the mere fact that FACTA's requirements were well-publicized in the media and contained in Defendant's credit card agreements."). Thus, Plaintiff does not allege specific facts suggesting that Pit Boss had actual knowledge of FACTA's truncation requirements.

  b.  *<u>Plaintiff Does Not Sufficiently Allege Reckless Conduct</u>*

Plaintiff further alleges that Pit Boss "willfully disregarded" FACTA. (Cmplt., ¶ 58). The Complaint, however, does not contain sufficient allegations to draw a reasonable inference that Pit Boss' alleged conduct was reckless. Plaintiff makes a number of allegations in an

7

attempt to establish that FACTA's requirements were widely publicized. (*See, e.g.*, *id*., ¶¶ 36, 43). For example, Plaintiff alleges that "[m]ost of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement." (*Id*., ¶ 57). None of these allegations, however, are specific to Pit Boss or its actions, and therefore are not sufficient to plead willfulness.

> i. *Miller-Huggins v. SpaClinic LLC*

In *SpaClinic*, as in this case, plaintiff brought a class action complaint seeking statutory damages, and not actual damages, for alleged willful violations of FACTA against a company that provided her with a credit card receipt bearing the credit card expiration date. *SpaClinic LLC*, 2010 WL 963924 at *1. Judge Grady determined that the allegations in the Complaint "that FACTA's requirements were well-publicized and that credit card companies required compliance with the statute" were "not specific to the defendant." *Id*. at *2. Because these allegations did "not permit the inference that SpaClinic's conduct was anything more than negligent[,]" Judge Grady granted the defendant's Rule 12(b)(6) motion to dismiss the plaintiff's complaint. *Id*.

*SpaClinic* is directly on point with the case before this Court, as the allegations described in the *SpaClinic* decision are nearly identical to those in the instant Complaint, which is similarly deficient. Plaintiff alleges a willful violation of FACTA based solely on his alleged receipt from Pit Boss of a credit card transaction slip bearing the credit card expiration date, and does not allege actual damages. Plaintiff attempts to extrapolate the actions of others, including the business community at large, to establish that this alleged conduct was willful. As in *SpaClinic*, these allegations are unpersuasive and insufficient.

### ii. *Gardner v. Appleton Baseball Club, Inc.*

Within weeks of the *SpaClinic* decision, a district court in the Eastern District of Wisconsin dismissed a virtually identical complaint brought under FACTA. In *Gardner v. Appleton Baseball Club, Inc.*, No. 09 C 705, 2010 WL 1368663 (E.D. Wis. March 31, 2010), the plaintiff received a receipt containing the expiration date of his credit card, and filed a class action complaint seeking statutory damages only, and not actual damages, for alleged willful violations of FACTA. *Id*. at *1. The district court granted defendant's motion to dismiss the complaint for failing to state a plausible claim under *Iqbal*. *Id*. at *4.

Central to the *Gardner* court's decision was the idea that "there is simply no reason to infer willfulness merely because the violation occurred. *Id*. at *6. Such an inference would conflate "the occurrence of the act with the mental state of the actor and begs the question of willfulness." *Id*. at *5. For example, the *Gardner* court refused to specifically infer willfulness on the part of the defendant simply because plaintiff alleged other businesses had complied with FACTA:

> In essence, Plaintiff is suggesting that because most businesses know the law and follow it, the Defendant's failure to do so must have been willful. But this is an allegation that could be leveled (and apparently is) in *every* FACTA case. Any time a company violates the law, a plaintiff could point out that most companies do *not* violate the law, and on this shaky hook a plaintiff could hang a claim of willfulness. These kinds of arguments are not particularized facts about the defendant's intent, but inferences of general applicability drawn from the Plaintiff's observations about life. The "fact" that other businesses comply with the law is an assertion that could be leveled at *any* FACTA defendant, and thus in substance the complaint merely alleges that the Defendant violated the statute, and the violation itself is deemed sufficient evidence of willfulness. Under *Iqbal* and *Twombly,* there has to be something more.

*Id*. (emphasis in original).

The *Gardner* court further assailed the boilerplate nature of the FACTA complaint as failing to contain any facts particularized to the defendant, and as such not satisfying the

9

requirements of Rule 8(a) and *Iqbal*:

> The essence of the complaint is: the Defendant violated the Act, some other businesses did not violate the act, therefore the Defendant's violation was willful. No doubt Plaintiff's counsel could open the complaint in his word processor, delete the Appleton Baseball Club, and substitute any other defendant in its place without disturbing much of the rest of the complaint at all. *Twombly* and *Iqbal* teach that such cut-and-paste jobs are not a substitute for real facts that plausibly "show," under Rule 8, that the Plaintiff is entitled to relief. In other words, because there is nothing in the complaint to distinguish the willfulness of *this* Defendant from any other imaginable defendant, the complaint fails to satisfy Rule 8.

*Id*. at *6 (emphasis in original).

The *Gardner* case is directly on point to the case at bar. As in *Gardner*, Plaintiff seeks an inference that Pit Boss willfully violated FACTA based on generalizations that are not specific to Pit Boss. Plaintiff, however, does not plead facts sufficient to raise an inference that Pit Boss willfully violated FACTA. The "facts" Plaintiff alleges to support its conclusion that Pit Boss should have known about FACTA, and therefore "willfully disregarded" its requirements include a statement by the CEO of Visa USA (Cmplt., ¶ 37), a statement by L. Richard Fisher of Visa to the House Committee on Financial Services (*id*., ¶ 44), and pamphlets distributed by Heartland Payment Systems, Inc. (*Id*., ¶ 45). None of these communications are alleged to have any connection to Pit Boss. Without more, these allegations are simply insufficient to state a cause of action for a willful violation of FACTA.

      iii.    *Pit Boss' Alleged Actions Did Not Pose An Unjustifiably High Risk of Harm*

Finally, Plaintiff does not sufficiently allege recklessness, because its allegations do not raise an inference that Pit Boss engaged in conduct entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 68. Assuming the allegations of the Complaint to be true, Pit Boss provided Plaintiff with a single credit card receipt displaying the credit card expiration date, but not the full credit card account number.

(Cmplt., ¶ 19, Ex. A). Congress determined through the Clarification Act "that proper truncation of the card number, by itself as required by the amendment made by [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud." *Id*. § 2(a)(6). Thus, the inclusion of the credit card expiration date on Plaintiff's receipt, when Pit Boss properly truncated the account number, did not result in any risk of harm to Plaintiff, much less an unjustifiably high risk. Under these circumstances, Plaintiff cannot state a plausible claim that Pit Boss willfully violated FACTA by printing the single receipt alleged in the Complaint.

## IV. Conclusion

Plaintiff's Complaint fails to allege facts specific to Pit Boss to raise an inference that Pit Boss willfully violated FACTA. Because Plaintiff's sole claim is for statutory damages based on Pit Boss' alleged willful violation of FACTA, Plaintiff does not state a plausible claim on which relief can be granted. Pit Boss respectfully requests that this Court grant its motion and dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

**PIT BOSS RIB HOUSE, INC.**

By: ___/s/ Peter A. Silverman___
      One of Its Attorneys

Peter A. Silverman (ARDC # 6196081)
Michael T. Graham (ARDC # 6280124)
FIGLIULO & SILVERMAN, P.C.
10 South LaSalle Street, Suite 3600
Chicago, Illinois 60603
psilverman@fslegal.com
mgraham@fslegal.com
(312) 251-4600

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused to be served the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT** upon counsel by filing the document electronically through the Court's ECF system on this day.

DATED this 23rd day of April 2010

                                                                                              /s/  Peter A. Silverman

Counsel:

- **Daniel A. Edelman**
  courtecl@edcombs.com,dedelman@edcombs.com
- **Thomas Everett Soule**
  tsoule@edcombs.com