**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KELVIN GOODS,<br>individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>PIT BOSS RIB HOUSE, INC.,<br>and DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) 1:10CV688<br>) Judge Norgle<br>)<br>)<br>)<br>) |

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff, with the consent of defendant, respectfully requests that this Court preliminarily approve a class action settlement, as amended (attached hereto as Appendix A and Appendix B), approve a program by which notice would be given to class members, and set this matter for a hearing on the fairness and adequacy of the settlement, all pursuant to Fed.R.Civ.P. 23.

In support of this motion, plaintiff states as follows:

**Background**

1. This case concerns alleged violations of the Fair Credit Reporting Act ("the FCRA"), as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"). Plaintiff specifically claimed that defendant willfully violated 15 U.S.C. §1681c(g) by providing to plaintiff and class members credit or debit card receipts that displayed the cards' expiration dates. Plaintiff sought statutory damages for himself and the class, under 15 U.S.C. §1681n. Defendant denies any wrongdoing or liability, denies any violation of the FCRA or FACTA, and denies that any purported violation of these laws was willful.

2. After participating in good faith negotiations, the parties reached a settlement agreement on a class-wide basis. This settlement agreement was documented by a written agreement that was signed on or about August 19, 2010. (Appendix A.) On August 27, 2010, the parties (through counsel) executed an amendment to that agreement, which modified the

class definition. (Appendix B.)[1]

3. The parties entered into the agreement after they, and their counsel, reviewed the issues raised by this lawsuit, the risk involved in pursuing the litigation to judgment, the possibility of a judgment that provides a worse result than the proposed settlement, and the possibility of appellate review. Based on this review, the parties concluded that entering into the agreement would be in their interests.

4. Before entering into the agreement, plaintiff and his counsel specifically reviewed the agreement with regard to relief provided to members of the proposed settlement class. They concluded that the relief provided to each class member, and to the class as a whole, is fair and adequate.

**Terms**

5. Under the agreement, and solely for the purposes of settlement, the parties stipulate to the certification of a class under Fed.R.Civ.P. 23(a) and 23(b)(3), including "all persons to whom Pit Boss Rib House, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois, which was issued between June 4, 2008 and February 20, 2010, and displays the expiration date of the person's credit or debit card." According to Pit Boss, there were approximately 50,536 credit or debit card transactions during the class period. (Appendix A, ¶10; Appendix B.)

6. Plaintiff's counsel – Edelman, Combs, Latturner & Goodwin LLC – would be appointed as "Class Counsel" under the agreement. (Appendix A, ¶4.)

7. The agreement provides that defendant "shall provide to each class member who submits a valid claim form, pursuant to the terms of this Agreement, a coupon worth $12.50, good for use at Pit Boss." These coupons would be fully transferable. Furthermore, there would be a minimum distribution of 1,000 coupons, or a distribution of no less than $12,500 in

---

[1] The class definition originally covered those who received allegedly non-compliant receipts between June 4, 2008 and February 2, 2010. As amended, the class definition covers those who received allegedly non-complaint receipts between June 4, 2008 and February 20, 2010. (*Id*.; see Appendix A, ¶9.)

coupons. (*Id.*, ¶¶11-13.)

8. The agreement also provides for (a) a $1,000 payment to plaintiff for services rendered to the class, and (b) a $12,500 payment to plaintiff's counsel for attorney's fees – all subject to Court approval. (*Id.*, ¶¶14-15.)

**Notice**

9. The agreement provides for notice to be posted at or near the cash register at defendant's restaurant, in a conspicuous location. The form of this notice is attached to the agreement (Appendix A) as Exhibit 1. This notice would be accompanied by a claim form, in the form of Exhibit 2, in a "tear-off" packet. Those who request further information would be given a second, more detailed notice in the form of Exhibit 3. (*Id.*, ¶19.)

10. In addition, the notice for class members would be given to customers of defendant's restaurant for whom contact information is available – specifically, to approximately 917 customers on defendant's e-mail distribution list. The same notices would also be posted on the websites maintained by defendant and by plaintiff's counsel. (*Id.*, ¶20.)

11. Defendant shall, within ten days of the filing of this motion, notify state and federal officials, in accordance with 28 U.S.C. §1715. (*Id.*, ¶18.)

12. Class members also may choose to exclude themselves from the lawsuit, object to the settlement, appear at the fairness hearing, or enter an appearance. (*Id.*, ¶¶21-27.)

13. Given all of the preceding, the forms of notice to class members conform with the requirements of Fed.R.Civ.P. 23, and of due process.

**Class Certification**

14. It is well established that there is an overriding public interest in settling litigation, and this is particularly true in class actions. See *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class actions litigation"). However, this Court must undertake a thorough review of class action settlements, and be satisfied (a) that the settlement is fair and adequate, and (b) that a class can properly be certified under Fed.R.Civ.P. 23. See *Synfuel Technologies v. DHL Express (USA) Inc.*, 463 F.3d 646, 652-653

(7th Cir. 2006); *Uhl v. Thoroughbred Technologies & Telecommunications Inc.*, 309 F.3d 978, 985 (7th Cir. 2002).

15. The parties agree, for the purposes of settlement only, that class certification is appropriate in this matter, and that all Fed.R.Civ.P. 23(a) and 23(b)(3) requirements have been satisfied. (Appendix A.)

16. The parties, for the purposes of settlement only, specifically stipulate that the requirements of Fed.R.Civ.P. 23(a) and 23(b)(3) have been satisfied, in that

    a. the issuance of over 50,000 receipts demonstrates that members of the class are so numerous that joinder is impractical (Fed.R.Civ.P. 23(a)(1));

    b. those who have received a receipt from defendant, which allegedly violates FACTA, each have the same factual and legal claims in common, and these common claims predominate over any individual concerns (Fed.R.Civ.P. 23(a)(2) and 23(b)(3));

    c. plaintiff's own claims are typical of the claims held by class members (Fed.R.Civ.P. 23(a)(3));

    d. plaintiff and his counsel can fairly and adequately represent the interests of absent class members (Fed.R.Civ.P. 23(a)(4)); and

    e. resolving thousands of identical claims through a class action is superior to other claim resolution methods, as it promotes judicial efficiency and avoids the possibility of conflicting results on the same facts and law (Fed.R.Civ.P. 23(b)(3)).

**Conclusion**

17. Plaintiff suggests that this Court set the following schedule for this case:

    a. Defendant shall comply with 28 U.S.C. §1715 within 10 calendar days of the filing of this motion, with plaintiff being copied on all correspondence.

    b. Notice shall be posted in accordance with the agreement's requirements, on a date 28 days after the Court's preliminary approval order, and keep it

      posted for 56 days thereafter (*i.e.*, 84 days after the Court's preliminary

      approval order).

   c. Claim forms, exclusions, objections and appearances may be submitted by

      class members up until the final date of the posting of notice (*i.e.*, 84 days

      after the Court's preliminary approval order).

   d. A hearing on the fairness and adequacy of the settlement would be held on

      a date no earlier than 120 days after the Court's preliminary approval

      order, at the Court's convenience.

  18. A draft of this motion has been reviewed by defendant. Neither defendant nor its counsel object to the relief requested in it.

  WHEREFORE, plaintiff respectfully requests that this Court preliminarily approve the class action settlement (as amended), and enter all other orders that it finds proper.

              Respectfully submitted,

              /s/ Thomas E. Soule
              Thomas E. Soule

Daniel A. Edelman
Thomas E. Soule
Edelman Combs Latturner & Goodwin LLC
120 South LaSalle Street, 18th Floor
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (fax)
courtecl@edcombs.com