# Appendix A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN GOODS, | ) | |
| individually and on behalf of a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1 : 10 CV 688 |
| | ) | |
| PIT BOSS RIB HOUSE, INC., | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### CLASS ACTION SETTLEMENT AGREEMENT

Plaintiff Kelvin Goods, for himself and each of the class members (as defined below), and Pit Boss Rib House, Inc., (hereinafter, "Pit Boss"), now agree to settle the above-entitled lawsuit ("the lawsuit") on the following terms set forth below.

**A.    INTRODUCTION**

1.    **The lawsuit.** Plaintiff brought the lawsuit on behalf of himself and class members. He alleged that Pit Boss violated the Fair Credit Reporting Act ("the FCRA"), as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"). Plaintiff specifically claimed that Pit Boss willfully violated 15 U.S.C. §1681c(g) by providing to plaintiff and class members credit or debit card receipts which displayed the cards' expiration dates. Plaintiff sought statutory damages for himself and the class under 15 U.S.C. §1681n. Pit Boss denies any violation of the FCRA or FACTA, and denies that any purported violation was willful.

2.    **Declaratory action related to the lawsuit.** A related lawsuit was brought in the Circuit Court of Cook County, entitled *Regent Insurance Co. v. Pit Boss Rib House, Inc. et al.*, Case No. 10 CH 17465, in which Regent Insurance Company sought declaratory relief relating to

1

a claim made for coverage by Pit Boss. That claim has been resolved, pursuant to a settlement agreement between Regent Insurance and Pit Boss dated July 11, 2010.

3.    **No admissions on account of settlement.**  Plaintiff and Pit Boss (collectively, "the parties") have entered into this class action settlement agreement (the "Agreement") in order to resolve disputed claims and defenses.  This Agreement may not be used or construed as an admission by any party as to any claim or defense that any party has.  If the Agreement is not finally approved by the Court, each party reserves the right to pursue claims or defenses as if this agreement had not been made.  Pit Boss has denied and continues to deny that it has violated the FCRA or FACTA, or committed any other wrongdoing as alleged by the Plaintiff.

4.    **Counsel.**  Plaintiff is represented by Edelman, Combs, Latturner & Goodwin LLC, who also seek to represent the class as "Class Counsel."  Pit Boss is represented by Figliulo & Silverman, P.C.

5.    **Risks to plaintiff and the class of continued litigation.**  After considering the benefits available to the class from the Agreement, as well as the risks, uncertainties and delays of continued litigation, Plaintiff and his counsel have concluded that it is fair and equitable, and that it is in the best interests of Plaintiff and class members to enter into this Agreement.

6.    **Risks to Pit Boss of continued litigation.**  After considering the possible effects of an adverse judgment against Pit Boss if this case were litigated to conclusion, and taking into account the certainty provided by a settlement, Pit Boss and its counsel have concluded that it is in Pit Boss's best interest to enter into this Agreement.

7.    **Effective date.**  The date on which this Agreement becomes effective shall be the date on which the last of the following events occurs:

> (A)    the Court's entry of an order finally approving this agreement and finding that it provides fair, reasonable and adequate relief to the class ("the final approval order"); and

(B)

    (i)     if no objections are raised to the settlement prior to final approval, five business days after the entry of the final approval order; or

    (ii)    if objections are raised to the settlement prior to final approval, but no appeal is brought after final approval, five business days after the expiration of the period under applicable rules of procedure for the filing of a notice of appeal; or

    (iii)   if an appeal of the final approval order is brought — five business days after the appeal is completed, if the result of the appeal is that the settlement stands as being finally approved.

8.    **Rules of construction.** Throughout this Agreement the following rules of construction apply:

    a.    "plaintiff" shall include plaintiff personally, and each of his successors, heirs, assigns, attorneys, agents, family members, or representatives;

    b.    "defendant," or "Pit Boss," shall include Pit Boss Rib House, Inc., and each of its predecessors, successors, assigns, insurers, attorneys, agents, principals, parent companies, subsidiaries, affiliates, vendors, associates, employees, directors, or representatives;

    c.    "claims" shall include any sort of claim – specifically including but not limited to causes of action, complaints, controversies, defenses, demands, disputes, lawsuits, or liens, in whatever forum such claims may be brought;

    d.    one gender shall include all genders, as necessary; and

    e.    the singular tense shall include the plural tense, and *vice versa*, as necessary.

**B.**     **THE CLASS**

9.     **Class definition.**  The class includes "all persons to whom Pit Boss Rib House, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois, which was issued between June 4, 2008 and February 2, 2010, and displays the expiration date of the person's credit or debit card" (referred to in this Agreement as "class members").  According to Pit Boss, there have been approximately 49,111 credit or debit card transactions during the class period.

10.     **Certification of the class.**  For the purposes of settlement only, the parties stipulate to the certification of the class defined herein under Fed.R.Civ.P. 23(a) and 23(b)(3).

**C.**     **CLASS RELIEF**

11.     **Class members' recovery.**  Pit Boss shall provide to each class member who submits a valid claim form, pursuant to the terms of this Agreement, a coupon worth $12.50, good for use at Pit Boss.  No credit shall be given for the unused portion of coupon.  The coupons will be fully transferable.

12.     **Minimum distribution.**  Pit Boss shall distribute a minimum of one thousand (1,000) coupons, for a total minimum distribution of no less than $12,500 worth of coupons.  If there are fewer than 1,000 valid claims made by class members, then Pit Boss shall distribute coupons at random to consumers making a purchase with a credit card or a debit card at Pit Boss. By way of illustration, if there are 600 claims made by class members, and 600 coupons are distributed to these class members as a result, then Pit Boss shall randomly distribute 400 further coupons to Pit Boss customers.  If there are more than 1,000 claims, then there shall be no random distribution following the distribution of coupons to all claimants.

13.     **Validity of coupons.**  Coupons shall be distributed to all claimants within 21 days of the final approval of the Agreement by the Court, with any random distribution required under

4

this agreement to commence within 21 days of final approval and to continue until completed. Coupons shall be valid for no less than 60 days after the date of issuance.

14. **Plaintiff's recovery.** Plaintiff, Kelvin Goods, will receive a payment of $1,000 from Pit Boss, for services rendered to the class, subject to Court approval. Pit Boss agrees not to object to Plaintiff's request for the approval of this amount. Payment shall be made with 14 days of the entry of the final approval order.

15. **Attorney's fees.** Class Counsel will receive a payment of $12,500 from the settlement for attorney's fees, costs and expenses, subject to Court approval. Pit Boss agrees not to object to Plaintiff's request for the approval of this amount. Payment shall be made within 14 days of the entry of the final approval order.

16. **Class notice and administration.** The costs of notice and administration shall be borne by Pit Boss – *except, however*, that the costs of posting notice on the website of Class Counsel, administering the receipt of submitted claim forms, distributing any requested complete notices, and handling inquiries by class members, shall be borne by plaintiff.

**D.    NOTICE AND APPROVAL OF THE SETTLEMENT**

17. **Preliminary approval.** Plaintiff shall move for:

    a.    the preliminary approval of this Agreement;

    b.    the approval of the distribution of notice to the class, and for a finding that the notice complies with Fed.R.Civ.P. 23 and the requirements of due process, and is the only form of notice to the class that is required; and

    c.    the scheduling of a final approval hearing, at which the Court would determine whether the settlement provides fair, adequate and reasonable relief to the class.

18. **Class Action Fairness Act compliance.** Pit Boss shall notify the appropriate authorities that this Agreement has been reached, and provide to them other materials, as

5

required by 28 U.S.C. §1715. Pit Boss shall send such notice by certified mail, and provide a copy to plaintiff.

19.     **Posted notice.** 28 days after the entry of an order preliminarily approving the Agreement (or, if Pit Boss's restaurant is closed on that day, then on the next business day), Pit Boss shall post a summary notice, in the form of Exhibit 1, at any point of sale (such as a cash register) maintained by Pit Boss at its place of business. The summary notice will be placed so that it is conspicuous, readable and legible by class members. The notice shall appear on a poster-board display (measuring approximately 8.5" x 11"), with a stack of tear-off claim forms, in the form of Exhibit 2. The notice, together with a sufficient number of claim forms, will be conspicuously posted for at least 56 days. The notice shall direct class members to Class Counsel, and Class Counsel's website, for further information. Those who request further details shall be sent a complete notice by Class Counsel, in the form of Exhibit 3, by mail. If the Court requests revisions to Exhibit 1-3, the Parties agree that changes to these documents that do not materially alter the parties' Agreement shall not invalidate the Agreement.

20.     **Internet notice.** Exhibits 1-3 will be posted on the websites of Pit Boss and Class Counsel, no later than 28 days after the entry of an order preliminarily approving the Agreement, and shall remain online for the following 56 days. In addition, Pit Boss will also send these documents via its customer e-mail list which, according to Pit Boss, includes approximately 917 addresses, no later than 28 days after the entry of a preliminary approval order.

21.     **Class members' options.** In accordance with the terms of this Agreement, class members may either:

        a.      submit a claim form;

        b.      exclude themselves from the litigation and this settlement;

        c.      object to the settlement; or

        d.      enter an appearance, either personally or through counsel.

22.     **Claim forms and submissions.** Claim forms, in the form of Exhibit 2, shall be made available with the posted and internet notices, as fully described above. In order to be a valid claim form, a class member must complete the claim form in its entirety – including a signed affirmation on penalty of perjury that he or she is a member of the class defined in this Agreement and identified in the class notice – and provide the type of credit or debit card used (*e.g.*, Visa, Mastercard, American Express, etc.) All claim forms must be submitted to Class Counsel, postmarked no later than 56 days after the posting of class notice in Pit Boss's restaurant. A copy of submitted claim forms shall be provided to counsel for Pit Boss, as they are received, on a regular basis; an electronic list of claimants' names and addresses will also be provided to Pit Boss for the purpose of administering the distribution of coupons.

23.     **Verification of certain claim forms.** If claim forms are submitted that raise suspicion of a purported class member making fraudulent claims, either party may request from that claimant the production of evidence showing that a claim is valid, such as a copy of a credit card receipt or a billing statement from a credit card issuer or merchant bank. A party which believes that a claim may be fraudulent shall advise the opposing party promptly of any claim it believes to be fraudulent. Upon this notification, Class Counsel shall advise the claimant of the dispute, seek production of verifying information, and provide such materials to Pit Boss. Documents produced under this provision will be designated as "confidential", and may not be used for any purposes other than this lawsuit or settlement. Class Counsel and counsel for Pit Boss shall then confer in good faith as to disputed claims and either agree to accept certain claims, agree to reject certain claims, or present certain claims to the Court for evaluation.

24.     **Exclusions.** Class members may choose to exclude themselves (or "opt-out") from this settlement by sending a letter to counsel for both parties, which includes their name and address and a statement expressing their desire to exclude themselves. The deadline for requesting exclusion is 56 days after the posting of class notice in Pit Boss's restaurant.

7

25. **Binding effect on those who do not exclude themselves.** If this Agreement is approved, any and all persons within the Class who have not submitted a timely, valid and proper written request for exclusion from the settlement will be bound by the release in this Agreement, by all other terms and conditions set forth herein, and by all proceedings, orders and judgments in the lawsuit.

26. **Objections and appearances.** A class member who objects to the Agreement must submit a written objection. Such an objection must be filed with the Court and served upon counsel no later than 56 days after the posting of class notice in Pit Boss's restaurant. Class members may also enter an appearance in the case, either personally, or through counsel, no later than 56 days after the posting of notice.

27. **Service upon counsel.** Any document that must be served upon counsel shall be addressed as follows:

*To Class Counsel*

Thomas E. Soule (File No. 24047)
Edelman Combs Latturner & Goodwin LLC
120 South LaSalle Street, 18th Floor
Chicago IL 60603

*To Pit Boss's counsel*

Michael Graham
Figliulo & Silverman PC
10 South LaSalle Street, Suite 3600
Chicago IL 60603

28. **Final approval.** A hearing on the fairness of, and the final approval of, the Agreement shall be held no earlier than 120 days after the entry of an order preliminarily approving the settlement. Plaintiff shall submit a memorandum in support of final approval no later than ten business days before the final approval hearing. Class Counsel and counsel for Pit Boss shall request that the Court enter a final order approving the terms of this Agreement providing for the implementation of those terms and provisions, and finding that the notice given

8

to the Class satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

29.    **Cooperation.** Plaintiff, Pit Boss and their respective attorneys agree to cooperate fully with one another at all times, and to use their best efforts to secure the approval of and performance under this Agreement. Further, they agree to not disparage each other in any way.

**E.    OTHER PROVISIONS**

30.    **Termination of the Agreement.** If the Court does not approve this settlement and the terms of this Agreement as set forth herein, or if the settlement and Agreement do not receive final approval after review by any court of competent jurisdiction for any reason, or is otherwise terminated in accordance with its terms, the parties will be returned to their status immediately prior to execution of the Agreement, as if this Agreement had never been made. Accordingly, if the Agreement is terminated, the parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the lawsuit as of the date of execution of this Agreement. Plaintiff and Pit Boss will also have the right to withdraw from the settlement and this Agreement upon written notice to the non-withdrawing party if the Court determines to modify this Agreement (including the form or terms of any document referenced or described in the Agreement) in any material way.

31.    **Dismissal.** If the settlement is finally approved, then the case shall be dismissed, with prejudice, as of the Effective Date, as to Plaintiff and all members of the class who did not exclude themselves – provided that the parties have otherwise performed under the Agreement.

32.    **Release by class members.** Upon the entry of a final approval order, and for good and sufficient consideration, plaintiff and class members who have not excluded themselves will (as of the Effective Date) fully and forever release any claims that they may have against Pit Boss that are related to the lawsuit, or the claims made in it, regarding the Fair Credit Reporting Act or the Fair and Accurate Credit Transactions Act, arising from actions occurring

9

on or before Effective Date.

33. **Complete settlement.** This settlement includes any prior representations of the parties. Any further alteration of its terms must be in writing and approved by both parties — *provided, however*, that technical, grammatical or typographical changes that do not alter the substance of the parties' agreement may be made by agreement of counsel for the parties. Furthermore, should any provision of this Agreement require interpretation or construction, there shall be no presumption that the provisions of this agreement are to be construed against any party. The parties and their counsel have fully and equally participated in the preparation, negotiation, review and approval of this agreement. Both parties have read the Agreement, have had the opportunity to question counsel about the terms of the Agreement, and understand that this Agreement is binding upon them.

34. **Choice of law.** This Agreement shall be governed by the laws of Illinois, without regard to its choice of law rules.

35. **Execution.** The parties may execute this agreement in counterparts. Facsimile and photocopied signatures may be treated as original signatures.

**[SIGNATURES APPEAR ON FOLLOWING PAGE]**

WITNESS the signatures of the parties and their counsel to this agreement on the dates indicated below.

**For plaintiff and the class:**

*Kelvin Goods*                 // 8/2/10

Kelvin Goods                    DATE

**For class counsel, as to form and the release of an attorneys' lien:**

                 // 7/29/10

Daniel A. Edelman               DATE
Thomas E. Soule
Edelman Combs Latturner & Goodwin LLC
120 South LaSalle Street, 18th Floor
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (fax)
courtecl@edcombs.com

**For Pit Boss**

_____ //_____
                                DATE

By:     _____

Its:    _____

**For Pit Boss's counsel, as to form:**

_____ //_____
Peter A. Silverman              DATE
Michael Graham
Figliulo & Silverman PC
10 South LaSalle Street, Suite 3600
Chicago IL 60603
(312) 251-4600
(312) 251-4610 (fax)

11

AUG-02-2010  15:52        FIGLIULO AND SILVERM.

WITNESS the signatures of the parties and their counsel to this agreement on the dates

indicated below.

**For plaintiff and the class:**

_____ // _____
Kelvin Goods                     DATE

**For class counsel, as to form and the release of an attorneys' lien:**

_____ // __7/29/10__
Daniel A. Edelman                 DATE
Thomas E. Soule
Edelman Combs Latturner & Goodwin LLC
120 South LaSalle Street, 18th Floor
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (fax)
courtecl@edcombs.com

**For Pit Boss**

_____ // __8-19-10__
                                  DATE

By: _____TOM TOUNBS_____

Its: _____VICE PRESIDENT_____

**For Pit Boss's counsel, as to form:**

_____ // _____
                                  DATE

Peter A. Silverman
Michael Graham
Figliulo & Silverman PC
10 South LaSalle Street, Suite 3600
Chicago IL 60603
(312) 251-4600
(312) 251-4610 (fax)

11

WITNESS the signatures of the parties and their counsel to this agreement on the dates indicated below.

**For plaintiff and the class:**

_____ // _____
Kelvin Goods                    DATE

**For class counsel, as to form and the release of an attorneys' lien:**

_____ // 7/29/10
Daniel A. Edelman                DATE
Thomas E. Soule
Edelman Combs Latturner & Goodwin LLC
120 South LaSalle Street, 18th Floor
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (fax)
courtecl@edcombs.com

**For Pit Boss**

_____ // _____
                                DATE

By: _____

Its: _____

**For Pit Boss's counsel, as to form:**

_____ // 8/19/2010
Peter A. Silverman              DATE
Michael Graham
Figliulo & Silverman PC
10 South LaSalle Street, Suite 3600
Chicago IL 60603
(312) 251-4600
(312) 251-4610 (fax)

11

## SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*GOODS V. PIT BOSS RIB HOUSE*, 1:10CV688 (N.D.Ill.) (Charles Norgle, Judge)

***If you received an electronically printed credit card or debit card receipt from Pit Boss Rib House between June 4, 2008 and February 2, 2010, which displayed the expiration date of your card: PLEASE READ THIS NOTICE. IT DESCRIBES YOUR RIGHTS WITH RESPECT TO THE SETTLEMENT OF A LAWSUIT.***

Kelvin Goods filed a lawsuit against Pit Boss Rib House, claiming that it violated the Fair Credit Reporting Act by issuing electronically printed receipts that displayed the expiration date of credit and debit cards. Mr. Goods brought this claim on behalf of himself and all others who received such a receipt ("class members"). Pit Boss Rib House denies that it violated the law.

Pit Boss Rib House and Mr. Goods both believe they would win this lawsuit if it went to trial, but they have agreed to settle the case instead. Under the settlement, all class members are entitled to receive a $12.50 coupon redeemable at Pit Boss Rib House.

**If you are a class member, you can: (1) participate in the settlement; (2) exclude yourself from the settlement; (3) object to the settlement; or (4) enter an appearance in the lawsuit, either by yourself or though a lawyer. To exercise any of these options, you must take certain actions immediately.**

**If you want to participate in the settlement, you must completely fill out the claim form provided below and affirm under penalty of perjury that you are entitled to take part in the settlement. Claim forms, which are subject to verification, must be mailed to the address listed on the form and be postmarked no later than [DATE]. Each class member may submit only one claim form.**

If you want to be excluded from the settlement, object to the settlement or enter an appearance in the lawsuit, you can obtain the instructions for doing so from class counsel, Thomas E. Soule of Edelman Combs Latturner & Goodwin LLC, 120 South LaSalle Street, 18th Floor Chicago, Illinois 60603, (312) 739-4200, www.edcombs.com, and must comply with the instructions on or before [DATE].

If you do nothing, you cannot participate in the settlement or sue Pit Boss Rib House on your own for giving you an electronically printed receipt that displays the expiration date of your credit or debit card.

**A hearing on the fairness of the settlement is set for [DATE] at [TIME] in Courtroom 2341 of the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois. You may attend the hearing but do not have to do so to participate in the settlement.**

A more complete description of the settlement can be obtained from class counsel, whose contact information is listed above, or by reviewing the file for this case at the Office of the Clerk of the Court, Dirksen Federal Courthouse, 219 South Dearborn Street, 20th Floor, Chicago, Illinois. **DO NOT CONTACT THE JUDGE OR HIS STAFF.**



EXHIBIT
1

**CLASS SETTLEMENT CLAIM FORM**
*Goods v. Pit Boss Rib House*
Case No. 1 : 10 CV 688 (N.D. Ill.)
Please legibly print the following:

NAME:_____

ADDRESS:_____

CITY:_____

STATE:_____

ZIP CODE:_____

Type of card used for the purchase
(for example, Visa, Mastercard, etc.)

_____

<u>BEFORE SUBMITTING A FORM,
READ THE FOLLOWING:</u>

By signing and submitting this claim form, I am affirming, under penalty of perjury, that I am a member of the class in this case, that I am entitled to make a claim and that I have submitted no more than one claim in this case.

Your signature: _____

**THIS CLAIM FORM MUST BE POST-MARKED NO LATER THAN [DATE] AND MAILED TO:**

Edelman Combs Latturner & Goodwin LLC
120 South LaSalle Street, Suite 1800
Chicago IL 60603



# IN THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

## *GOODS V. PIT BOSS RIB HOUSE*, 1:10CV688 (N.D.Ill.) (Charles Norgle, Judge)

## NOTICE OF CLASS ACTION SETTLEMENT

*To all persons to whom Pit Boss Rib House, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois, which was issued between June 4, 2008 and February 2, 2010, and displays the expiration date of the person's credit or debit card*

## *PLEASE READ THIS NOTICE CAREFULLY, AS YOUR RIGHTS MAY BE AFFECTED.*

*IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS, YOU MUST RETURN THE FORM ENCLOSED WITH THIS NOTICE BY [DATE]*

### WHAT IS THIS NOTICE?

This notice informs you that a settlement has been reached in a lawsuit entitled *Goods v. Pit Boss Rib House, Inc.* Case No. 1:10CV688, in the U.S. District Court for the Northern District of Illinois, and that you have certain rights with respect to the settlement.

### WHAT IS THE CASE ABOUT?

Kelvin Goods, a consumer who received an electronically printed receipt from Pit Boss Rib House which displayed the expiration date of his credit card, alleged that Pit Boss Rib House willfully violated the Fair Credit Reporting Act ("the FCRA"). This law, in part, prohibits merchants from printing more than five digits of a customer's credit or debit card number, and from printing a card's expiration date. He also argues that each person who received such a receipt is entitled to statutory damages under the FCRA. Pit Boss Rib House denies that it violated the law, or that it did so willfully.

The parties have agreed to settle this case on a class-wide basis. The Court has preliminarily approved this settlement. This notice advises you of the terms of the settlement, and of a hearing to be held on [DATE] which will consider whether the settlement is fair.

### WHO IS A MEMBER OF THE CLASS?

You are a member of the class if you received an electronically printed receipt from Pit Boss Rib House between June 4, 2008 and February 2, 2010, and if that receipt displays the expiration date of your credit or debit card.

### WHAT ARE THE SETTLEMENT'S TERMS?

**The settlement provides to each class member who submits a valid claim form, by [DATE], a** coupon worth $12.50 for use at Pit Boss Rib House. These coupons are transferrable, but no credit shall be given for any unused portion of a coupon.

A minimum of 1,000 coupons will be issued. If there are less than 1,000 claims made, coupons would be randomly distributed to those making credit card purchases at Pit Boss Rib House.

In addition, Kelvin Goods would receive $1,000 for services rendered to the class. Counsel for the class would receive $12,500 in attorney's fees and costs. *You are not responsible for paying these amounts; these payments will be made by Pit Boss Rib House, under the settlement.*

All of these terms are subject to Court approval.

### CLASS COUNSEL'S OPINION OF THE SETTLEMENT

In an individual lawsuit or class action under the FCRA, you can recover between $100 and $1,000 in statutory damages, actual damages, and attorney's fees, if you can show that the FCRA violation was willful.

As is the case with any lawsuit, there is a possibility of winning, or losing. Counsel for the class believes that this settlement, which provides a significant amount of relief to class members on a disputed claim, represents a fair and equitable resolution of this matter.

### WHAT ARE MY OPTIONS?

**You have the choice of (1) submitting a claim form, (2) excluding yourself from the class, (3) submitting a written objection, or (4) entering an appearance.** Each choice has certain risks and consequences. You have the right to discuss your decision with class counsel (free of charge), or with your own attorney (at your own expense).

1

EXHIBIT 3

In order to make a claim, the enclosed claim form must be filled out completely. You must also sign the form. By signing the form, you are affirming, under penalty of perjury, that you are entitled to submit a claim in this case. **IF YOU HAVE QUESTIONS ABOUT WHETHER YOU ARE A MEMBER OF THE CLASS, PLEASE CONTACT CLASS COUNSEL.**

**This claim form must be returned by mail to the address on the form, and postmarked no later than [DATE]. Late claim forms may not be accepted; if you wish to make a claim, please do so as soon as possible.**

If you exclude yourself from the class, you will not be bound by any judgment or disposition of this case, and you will retain any claims you may have against Pit Boss Rib House. However, you will not receive any compensation from the settlement.

If you wish to exclude yourself from the class, you must send a request for exclusion to counsel for both parties, at the following addresses:

*For plaintiff and the class*
Thomas E. Soule
Edelman Combs Latturner & Goodwin LLC
120 South LaSalle Street, 18th Floor
Chicago IL 60603

*For defendant*
Michael Graham
Figliulo & Silverman PC
10 South LaSalle Street, Suite 3600
Chicago IL 60603

This letter must include your name and address, the name and case number for this case (*Goods v. Pit Boss Rib House, No. 1:10CV688*). Requests for exclusion must be postmarked by [DATE].

You may submit a written objection to the settlement. This objection must be served upon counsel for the parties, listed in this notice. The objection must be postmarked by [DATE].

If you wish to appear in this case, either personally or through counsel, you must file your appearance with the Court by [DATE].

## WHO REPRESENTS THE CLASS?

Mr. Goods has been appointed as the representative of the class. His counsel has been appointed as Class Counsel, and can be contacted at the following address:

Thomas E. Soule (24047)
Edelman Combs Latturner & Goodwin LLC
120 South LaSalle Street, Suite 1800
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
info@edcombs.com

Class Counsel will represent your interests in this case. You may contact them with any questions that you have about the Lawsuit. You will not be charged for their services. You may, however, hire your own attorney at your own expense to advise you in this matter.

## WHEN IS THE FAIRNESS HEARING?

**The hearing on the fairness of the settlement will be on [DATE] at [TIME], in Room 2341 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604.** *You are not required to attend, but may do so if you wish.*

## WHAT IF I HAVE QUESTIONS?

Any questions that you or your attorney may have concerning this Notice should be directed to Edelman, Combs, Latturner & Goodwin, LLC. PLEASE READ THIS NOTICE CAREFULLY BEFORE CONTACTING THIS OFFICE. Also, if writing, please include the case name and the firm's file number (24047), your name and your return address on any letters you send – and not just on the envelopes.

Case documents are available from the Clerk of the U.S. District Court, during normal business hours. The Clerk's Office is located at 219 South Dearborn Street, 20th Floor, Chicago IL 60604.

*PLEASE DO NOT CONTACT THE JUDGE ABOUT THE SETTLEMENT OF THIS CASE.*

2