

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN GOODS,<br>individually and on behalf of a class,<br><br>   Plaintiff,<br><br>   v.<br><br>PIT BOSS RIB HOUSE, INC.,<br>and DOES 1-10,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:10CV688<br>Judge Norgle |

### FINAL APPROVAL ORDER

The parties entered into a class action settlement agreement, which this Court preliminarily approved on Sept. 3, 2010. (Docket Nos. 29-31.) Notice of this agreement was given to members of the class, in the form and manner to which the parties agreed, and of which the Court approved. Notice was also provided to the Attorney General of the United States (on Sept. 8, 2010), and the Attorney General of the State of Illinois (on Sept. 7, 2010), per the Class Action Fairness Act (28 U.S.C. §1715).

Pursuant to this Court's order and the given notice, a fairness hearing was held on Jan. 25, 2010 at approximately 10:00 a.m., with counsel for the parties appearing. No class member appeared at that hearing; nor has any class member (either personally or through counsel) filed a written appearance. In advance of that hearing, plaintiff filed a memorandum in support of the final approval of the settlement (Docket No. 32), which the Court has reviewed.

Per the settlement agreement (as amended), the settlement class includes "all persons to whom Pit Boss Rib House, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois, which was issued between June 4, 2008 and Feb. 20, 2010, and displays the expiration date of the person's credit or debit card." According to Pit Boss Rib House, Inc., there were approximately 50,536 credit or debit card transactions during the class period.

The Court finds that this proposed settlement class meets all requirements for certification, in that (1) the class is sufficiently numerous to make joinder of all members impractical, (2) class members share common claims which predominate over any individual claims they may have, (3) the plaintiff's claims are typical of those held by class members, (4) the plaintiff (and his counsel) is an adequate representative of the class, and (5) handling the class members' claims through a class action is superior to all other resolution methods. Fed.R.Civ.P. 23(a) and 23(b)(3). Furthermore, the notice of the settlement given by the parties meets all the requirements of Fed.R.Civ.P. 23, of 28 U.S.C. §1715, and of due process.

The record shows that no class member objected to the settlement, and that no class member requested exclusion from the proposed settlement class. Furthermore, neither the United States nor the State of Illinois sought to intervene in this matter.

Plaintiff reports that 57 persons submitted a claim form. Of these submissions, 29 appear to be valid claims; the remaining 28 claim forms appear, upon further investigation, to be invalid. The Court therefore finds that 29 claims (made by persons identified in Exhibit D to the final approval memorandum) are valid, and that each claimant shall receive the relief provided by the settlement. The Court further finds that 28 claims (made by persons identified in Exhibit E to the final approval memorandum) are invalid, and that each person submitting an invalid claim shall receive no relief from the settlement.

This Court finds that the settlement agreement provides for fair, reasonable and adequate relief to the class. Therefore, on review of the record, and with the Court being fully advised, the class action settlement agreement is now FINALLY APPROVED.

THIS COURT NOW ORDERS AS FOLLOWS:

1.      All parties are directed to perform as specifically directed in the settlement agreement. Specifically, the coupons described in the agreement shall be distributed within 21 days, in accordance with the terms of the agreement.

2.      This Court specifically approves the payment of $1,000 to Kelvin Goods for services rendered to the class, and the payment of $12,500 to Mr. Goods's counsel for attorney's fees and costs. These payments shall be made within fourteen days, in accordance with the terms of the agreement.

3.      The release provided for in the agreement is approved, and is effective from this date upon all class members.

4.      This case is now dismissed with prejudice, as to plaintiff and all members of the class, as of the effective date of the agreement. This Court shall retain jurisdiction over the enforcement of the agreement and its terms.

SO ORDERED on this day, _____January 25_____, 2011.

ENTER:          _____
                Charles R. Norgle, Sr.
                United States District Court
                Northern District of Illinois